IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM C. FLETCHER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 17-669-GMS |
| | ) |
| DEPARTMENT OF CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, William C. Fletcher, Jr. ("Fletcher"), an inmate at the Howard R. Young

Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to 42

U.S.C.

§ 1983.[1] (D.I. 3, 7.) He appears *pro se* and was granted permission to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I.    BACKGROUND

Fletcher alleges he was retaliated against by the defendant medical service provider

Connections CSP ("Connections") when it failed to provide him mental health and medical care

following grievances he submitted. Fletcher participated in a behavior modification program

("program") that is run by Connections. Fletcher explains that his counselor in the program

approached him to arrange a job interview at a car dealership where Fletcher was employed prior

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins*, 487 U.S. 42, 48 (1988).

to his incarceration. Fletcher advised the counselor that doing so would break Department of Correction ("DOC") rules and the counselor told Fletcher "to do it." (D.I. 3-1 at 1.)

After he was interviewed, the counselor returned to work upset because he was told there would be no job openings for four to five weeks. The counselor was paranoid that Fletcher would tell someone what the counselor had done. Fletcher alleges that the counselor orchestrated a write-up to get Fletcher kicked out of the program.[2] Fletcher submitted a grievance after he was kicked out of the program. The grievance referred to the counselor and the car dealership employment. Fletcher was then interviewed by Mike with Connections Mental Health. When there was no resolution, Fletcher submitted another grievance, but received no response.

Next, Fletcher spoke to DOC employees and wrote a letter to the warden. After that, Fletcher was visited by Internal Affairs. Fletcher was told by Internal Affairs that the counselor would never work at the DOC again. The counselor no longer works in the program. At some point in time prior to his discharge, the counselor became aware Fletcher's grievances and all the people who work for Connections at the DOC also knew of the grievances. Fletcher explains that the Connections employees are "like one small family." He alleges that after, that his mental health care was neglected, he had strep throat and pneumonia and went to medical every day for 35 days before he finally received treatment. In addition, Fletcher alleges that: (1) there have been repeated delays in the receipt of eye glasses; (2) he has skin cancer but Connections refuses to provide a biopsy; (3) medical personnel will not draw his blood and made him draw his own blood; (4) his asthma breathing disk is misplaced for four or five days every time he goes to

---

[2]At the time, Fletcher was "well on his way." He was in charge of orientation for over 79 men in the program.

2

court; and (5) Connections indicated that it is unfair to allow Fletcher to participate in the program at the HRYCI where he got a counselor fired. Fletcher seeks compensatory damages and a transfer to the Georgetown DOC facility.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Fletcher proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g.*, *Deutsch v. United States*, 67

3

F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Fletcher leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir.

4

2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

The DOC is an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (unpublished). In addition, dismissal is proper because the DOC is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008) (unpublished).

Accordingly, the court will dismiss the DOC pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) as it is immune from suit.

The complaint alleges what appear to be non-frivolous and cognizable retaliation claims against Connections.

## IV.    CONCLUSION

For the above reasons, the court will dismiss the DOC based upon its immunity from suit

pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1).  Fletcher will be allowed to proceed

with the retaliation claim he raises against Connections.

An appropriate order will be entered.

_Oct 23_, 2017

Wilmington, Delaware

UNITED STATES DISTRICT JUDGE