IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM C. FLETCHER, JR., )
)
        Plaintiff, )
)
v. ) C.A. No. 17-669 (MN)
)
DEPARTMENT OF CORRECTIONS, *et al.*, )
)
        Defendants. )

## MEMORANDUM OPINION

William C. Fletcher, Jr., *pro se* Plaintiff

Dana Spring Monzo, Karine Sarkisian, WHITE AND WILLIAMS LLP, Wilmington, DE – attorneys for Defendant Connections Community Support Programs

November 6, 2018
Wilmington, Delaware


NOREIKA, U.S. DISTRICT JUDGE:

Plaintiff William C. Fletcher ("Plaintiff" or "Fletcher"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"),[1] filed his complaint *pro se* on June 2, 2017 against the Delaware Department of Corrections ("DOC") and Connections Community Support Programs' ("Connections"). (D.I. 3). He has been granted leave to proceed to proceed *in forma pauperis.* (D.I. 5). Fletcher alleges he was retaliated against by Connections when it failed to provide him mental health and medical care following grievances he submitted. (D.I. 3 at 2, 5; D.I. 3-1 at 5-8). After the Court reviewed and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(J), it dismissed the DOC because of its immunity from suit, but allowed the apparently non-frivolous and cognizable retaliation claims against Connections to proceed. (D.I. 13).

Presently before the Court is Connections' Motion to Dismiss Plaintiff's Complaint for failure to state a claim asserting that the Complaint fails to allege that it maintained a policy, practice, or custom that caused the alleged inadequate medical care. (D.I. 18). The motion was filed with a supporting opening brief on January 3, 2018. Plaintiff has not responded. For the reasons set forth herein, Connections' motion is denied.

I. **LEGAL STANDARDS**

A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, the Court concludes that those allegations "could not raise a claim of entitlement to

---

[1] The Court has been notified that Fletcher will be temporarily housed at the Cecil County Detention Center in Maryland from October 30, 2018 to November 29, 2018. (D.I. 27).

1

relief."[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007); *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## II.   DISCUSSION

When a plaintiff relies upon a theory of *respondeat superior* to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks,* 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.,* 802 F. Supp. 1126, 1132 (D. Del. 1992). To establish that Connections is directly liable for the alleged constitutional violations, Fletcher "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]."

---

[2]   Because Fletcher proceeds *pro se,* his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

*Natale v. Camden Cty. Facility,* 318 F.3d 575, 584 (3d Cir. 2003) (because *respondeat superior* or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). If, however, the acts of a Connections' employee have violated a person's constitutional rights, those acts may be deemed the result of a policy or custom of the entity for whom the employee works, thereby rendering the entity liable under § 1983, where the inadequacy of existing practice is so likely to result in the violation of constitutional rights that the policymaker can reasonably be said to have been deliberately indifferent to the need. *See Natale,* 318 F.3d at 584 (citations omitted).

"Policy is made when a decisionmaker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy or edict." *Miller,* 802 F. Supp. at 1132 (alteration in original) (quoting *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (citing *Andrews,* 895 F.2d at 1480; *Fletcher v. O'Donnell,* 867 F.2d 791, 793-94 (3d Cir. 1989)).

As noted above, Connections asserts that dismissal is required because Fletcher has not pleaded facts sufficient to demonstrate it has a deficient policy or procedure. (D.I. 18). The legal standard when ruling on Rule 12(b)(6) motions, however, is identical to the standard used when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Castillo v. Kelly,* 690 Fed. App'x 96, 97 (3d Cir. 2017) ("When dismissing complaints for failure to state a claim under § 1915(e)(2)(B)(ii), th[e] standard of review is the same as under Fed. R. Civ. P. 12(b)(6)"). The Court previously reviewed Fletcher's allegations and found that he stated what appear to be

3

cognizable and non-frivolous claims. (D.I. 13). Nothing has changed since that ruling. Nevertheless, the Court has revisited the allegations, liberally construed them, and finds that Fletcher adequately raises medical needs claims under the Eighth Amendment.

The allegations are that Fletcher participated in a behavior modification program that is run by Connections. (D.I. 3-1 at 1). Fletcher alleges that his counselor in the program approached him to arrange a job interview at a car dealership where Fletcher was employed prior to his incarceration. (*Id.*). Fletcher advised the counselor that doing so would break DOC rules, but the counselor nevertheless told Fletcher "to do it and arranged a special call" to allow Fletcher to arrange the interview for the counselor. (*Id.*).

The Complaint alleges that after the counselor was interviewed, he returned to work upset because he was told there would be no job openings for four to five weeks. (D.I. 3-1 at 2). Fletcher alleges that the counselor was paranoid that Fletcher would tell someone what the counselor had done and thus orchestrated a write-up to get Fletcher kicked out of the program. (D.I. 3-1 at 2-3). Fletcher submitted a grievance after he was kicked out of the program that referred to the counselor and the car dealership employment. (D.I. 3-1 at 3). Fletcher was then interviewed by someone at Connections. (*Id.*). When there was no resolution, Fletcher submitted another grievance, but received no response. (D.I. 3-1 at 3-4).

Next, Fletcher alleges that he spoke to DOC employees and wrote a letter to the warden. (*Id.*). After that, Fletcher was interviewed by Internal Affairs and was told that the counselor would not work at the DOC again. (D.I. 3-1 at 4-5). The counselor no longer works in the program. (*Id.*). At some point in time prior to his discharge, the counselor and others working for Connections at the DOC became aware of Fletcher's grievances. (D.I. 3-1 at 5). He alleges that after that his mental health care was neglected, he had strep throat and pneumonia, and went to

4

medical every day for 35 days before he finally received treatment. (D.I. 3-1 at 5-6). In addition, Fletcher alleges that: (1) there have been repeated delays in the receipt of eye glasses; (2) he has skin cancer but Connections refuses to provide a biopsy; (3) medical personnel will not draw his blood and made him draw his own blood; (4) his asthma breathing disk is misplaced for four or five days every time he goes to Court; and (5) Connections indicated that it is unfair to allow Fletcher to participate in the program at the HRYCI where he got a counselor fired. (D.I. 3-1 at 5-8).

There is no dispute that Connections is responsible for inmate care at HCYCI. It is alleged that Fletcher has potentially serious medical conditions, but he is not provided treatment for those conditions. Fletcher is not required to recite the specific text or official policy. He must only place Connections on notice as to its alleged improper conduct and the policy in place that created such conduct. Here, liberally construing the allegations as the Court must, Fletcher adequately states a claim against Connections. The Complaint pleads facts of repeated delay in treatment that, liberally construed, suffices to allege custom through a given course of conduct. While discovery may show that Connections acted properly, Fletcher has pleaded sufficient facts to proceed against it. Therefore, the Court will deny the motion to dismiss. (D.I. 18).

### III. CONCLUSION

Based upon the above discussion, the Court will deny the motion to dismiss (D.I. 18). An appropriate order will be entered.

5