IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM C. FLETCHER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-669 (MN) |
| | ) |
| CONNECTIONS CSP, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

**I.  INTRODUCTION**

Plaintiff William C. Fletcher, Jr., ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 3). He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5). On March 1, 2019, Plaintiff filed a motion for injunctive relief complaining that he had been given incorrect medication administration directions, he is not being permitted to attend an anger management program due to retaliation, and he is not attending the Key Program despite an order for him to do so. (D.I. 43). Plaintiff seeks a transfer to the Sussex County Correctional Center in Georgetown, Delaware. Defendants oppose the motion. Plaintiff has also filed a motion for a Rule 46 order, construed as a motion for reconsideration. (D.I. 50).

**II.  MOTION FOR INJUNCTIVE RELIEF**

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders.

*See NutriSweet Co. v. Vit-Mar Enterprises., Inc*., 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff states that on February 20, 2019, he was given incorrect directions on how to administer a nasal spray[1] and, as a result, he suffered from a sore throat. (D.I. 43 at 1). He contends the incorrect directions were due to retaliation. (*Id.*). Defendant provides evidence that the outside pharmacy who filled the prescription made a labeling error for the administration of the medication. (*Id.* at 4 of 12). Once Defendant became aware of the error, it immediately addressed the issue with Plaintiff who was provided with the correct instructions. (D.I. 44 ¶ 4). In addition, Plaintiff was examined and evaluated and the same revealed no further medical concerns as a result of the incorrect usage. (*Id*.).

Plaintiff further states that on January 2, 2018, he was classified to attend Defendant's Anger Management And Victim's Impact program. (D.I. 43 at 1). He also states that even though a grievance was resolved in his favor to attend the Key Program, that has not happened. (*Id.* at 2). Plaintiff believes that he has not yet attended any classes in retaliation for filing this lawsuit. (*Id.* at 1).

---

1     The directions provided by Correct RX Pharmacy Services, Inc. on the prescription label on the box of Plaintiff's Triamcinolone Acetonide Nasal Spray prescription indicate "inhale 1 puff by mouth daily." *See* D.I. 43 at 4 of 12.

Defendant responds with the declaration of Dr. Christopher Moen ("Dr. Moen") who states that Defendant does not have authority over the classification or housing of inmates, it does not have the authority to prevent Plaintiff's access to its programs, and Plaintiff is currently on the wait list to attend the anger management program and is set to enter the Key Program approximately one year prior to his scheduled 2023 release date. (D.I. 44-1). In the interim, Plaintiff was offered, and later completed, an individual course of treatment to address mental health and/or substance abuse concerns. (*Id.*)

Considering the unrefuted declaration of Dr. Moen, the Court concludes that Plaintiff has not met the requirements for injunctive relief. Medical care has been provided and the medication issue resolved, and Plaintiff is on lists to attend programs he requests and/or requires. Plaintiff has failed to show a likelihood of success on the merits and has failed to demonstrate irreparable harm. Therefore, the Court will deny the motion.

### III. MOTION FOR RECONSIDERATION

Plaintiff filed a motion for Rule 46 objecting to an order. (D.I. 50). Plaintiff objects to an Order entered on March 22, 2019, that denied Plaintiff's motion for contempt. (*See* D.I. 47). Given its contents, the Court construes the motion as a motion for reconsideration. Plaintiff also asks the Court to issue a subpoena directed to Lt. Vanes who is in charge of internal affairs at the HYRCI. (D.I. 50 ¶ 5).

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v.*

*Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

In its March 22, 2019 Order, the Court denied Plaintiff's motion for contempt because the subpoena sent to the Delaware Department of Correction ("DOC") did not comply with the requisites of Fed. R. Civ. P. 45. (D.I. 47). Since the subpoena sought many of the same documents Defendant sought from the DOC, the Court ordered Defendant to provide Plaintiff the documents it received from the DOC. (*Id.*). Defendant provided the documents on April 8, 2019. (D.I. 51). Plaintiff informs the Court, however, that he also seeks documents consisting of "all internal affairs investigation reports (hard copy & digital) from Lt. Vanes in regard to security clearance being pulled from Counselor Olardare with Connections regarding grievance #353718" and these documents were not requested by Defendant. (D.I. 50 ¶ 6).

To the extent Plaintiff seeks reconsideration of the order denying his motion for contempt, the motion fails on the merits because he has not set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by the Court to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. Therefore, the motion for reconsideration will be denied. (D.I. 50).

Plaintiff also asks the Court to issue a subpoena directed to the DOC and, in particular, Lt. Vanes. (D.I. 50 ¶ 5). Federal Rule Civil Procedure 45 is the rule regarding issuance of a subpoena. Subpoena forms may be obtained at the prison law library or upon request from the Clerk of Court. In general, a subpoena must state the court from which it issued; state the title of the action and its civil-action number; command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents,

4

electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and set out the text of Rule 45(d) and (e).

The clerk of court must issue a subpoena, signed but otherwise in blank, to a party who requests it and that party must complete it before service. Fed. R. Civ. P. 45(a)(2). In addition, an attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court. *Id.* A subpoena may be served by any person who is at least 18 years old and not a party. Fed. R. Civ. P. 45(b)(1). Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for one day's attendance and the mileage allowed by law. *Id.*

A federal court has the inherent power to protect any one from oppressive use of process, even if no oppression is actually intended. *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (citation omitted). Here, Plaintiff proceeds *in forma pauperis* and there is no indication that he has the ability to pay for any costs associated with issuance of the subpoena, such as photocopy fees, witness fees, or mileage. Therefore, the Court will deny Plaintiff's request for issuance of a subpoena without prejudice to renew upon a financial showing of the ability to pay for the costs associated with issuance of a subpoena and a properly completed subpoena.

## IV. **CONCLUSION**

For the above reasons, the Court will: (1) deny the motion for injunctive relief (D.I. 43); (2) deny the motion for reconsideration (D.I. 50); and (3) deny without prejudice to renew, the request for issuance of subpoena.

A separate order shall issue.

May 8, 2019

/s/ Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge